## STATE *versus* SAMUEL HILL.

Under R. S., c. 119, § 1, when arson is committed by setting fire directly to the dwellinghouse of another, the indictment need not expressly allege the intent.

*Aliter*, when the crime is committed by setting fire to any building adjoining the dwellinghouse, or to any building owned by the accused or another.

ON EXCEPTIONS.

INDICTMENT, alleging with proper averments of time and place, that the accused "the dwellinghouse of one Barnard Daley, there situate, feloniously, wilfully and maliciously, did set fire to, and the said dwellinghouse, then and there, in the night time, feloniously, wilfully and maliciously, did burn and consume, against the peace," &c.

After a verdict of guilty, the defendant moved in arrest of judgment, —

1st. — Because said indictment does not set forth any facts which constitute any offence upon which any valid judgment can be rendered against him.

2d. — Because there is no allegation in said indictment

that the supposed setting fire to the dwellinghouse therein named was done with the intent to burn said dwellinghouse.

3d. — Because it is not alleged in such indictment that the supposed acts of the said Samuel Hill, as therein set forth and alleged, were done with intent to burn such dwellinghouse, or with any illegal intent.

4th. — Because said indictment does not contain, describe or set forth any offence upon which any valid judgment can legally be rendered, according to the laws of this State.

The presiding Judge overruled the motion *pro forma*, and the defendant alleged exceptions.

*Howard & Cleaves* and *O'Donnell*, in support of the exceptions.

The intent and the act must both concur to constitute the crime. 3 Greenl. on Ev., § 13. The intent must be criminal and so alleged. R. S., c. 119, § 1; *People* v. *Johnson*, 1 Parker's Crim. Rep., 564; *Com.* v. *Slack*, 19 Pick., 307; *same* v. *Collins*, 2 Cush., 558; *same* v. *Boynton*, 12 Cush., 499; *same* v. *Buckheimer*, 14 Gray, 29.

Defective indictment not cured by verdict. 2 Hale's P. C., 193.

If any one fact or circumstance which is a material element in the crime, as defined by the statute, be omitted, the indictment will be bad. 1 Arch. Crim. Pr., 86; *Com.* v. *Bean*, 11 Cush., 414.

The words " wickedly," " maliciously," are mere matters of aggravation. 6 East, 472; *Com.* v. *Dougherty*, 6 Gray, 349; *Smith* v. *State*, 33 Maine, 49 – 58. The provisions of the statute must be formally and fully set out. *State* v. *Learned*, 47 Maine, 430.

There is a distinction between the statutes of Massachusetts and Maine descriptive of arson, hence precedents of indictment are not the same. Until Public Laws of 1828, c. 430, § 4, intent was not an element of arson by our statute, but it has been ever since.

The wilful and malicious setting fire to a dwellinghouse

may be a wrong and a misdemeanor, and yet done without an intention to burn it; as in *People* v. *Cotterel*, 18 Johns., 115; *State* v. *Mitchell*, 5 Ired., 350.

Grammatically, as well as by the ordinary rules of the construction of language, "the intent" was designed to apply to each of the offences, and to constitute an essential element of each described in R. S., c. 119, § 1.

*N. Webb*, County Att'y, *contra.*

KENT, J. — The question made in this case is, — whether an indictment, charging the prisoner with having feloniously, wilfully, and maliciously set fire to and burned and consumed a dwellinghouse in the night time, is fatally defective, because it does not allege in terms that it was done "with intent to burn such dwellinghouse."

The indictment was framed under § 1, c. 119, R. S., which provides that "whoever wilfully and maliciously sets fire to the dwellinghouse of another, or to any building adjoining thereto, or to any building owned by himself or another, with the intent to burn such dwellinghouse, and it is thereby burnt in the night time, shall be punished by death."

It is undoubtedly well settled at common law that the indictment must set out all the ingredients of the offence, and all the matters, whether of intention or of act, which are essential to the description of the offence in the statute. If, therefore, the fair construction of the statute is that the words "with the intent to burn such dwellinghouse," are to be applied to the whole description of the offence of burning, contained in this section, we should strongly incline to hold the indictment defective. But the government contends that these words only apply to and qualify the act of setting fire to any adjacent building, by which the dwellinghouse is burnt.

The substantive offence, and the only one described in this section, is the burning of a dwellinghouse in the night time. There is but one offence here set out. This section does not provide punishment for setting fire to and burning an

adjacent building, — even with intent to burn also a dwell-inghouse adjacent if the dwellinghouse is not thereby burn-ed, — nor does it punish such burning of such adjacent building, if burned with intent to consume the dwelling-house, even when the dwellinghouse is thereby burned. The offence is the burning of *the dwellinghouse*, and the burning of the adjacent building is regarded as the means used to burn the dwellinghouse when set on fire with that intent. It does not follow that because a man wilfully and maliciously sets fire to a building, not a dwellinghouse, and by reason of the burning of that outhouse a dwellinghouse is consumed in the night time, he is guilty of a capital of-fence. Another element must enter into the offence be-fore his life is forfeited. He must have set the fire with intent to burn the particular dwellinghouse, which is in fact, by the burning of the first building, set fire to and burnt. A man may set fire to a detached, and apparently isolated, barn or outbuilding with a felonious intent to burn that building, and that only. And for this act he may be pun-ished, but not capitally. And yet a dwellinghouse may be burned by reason of the kindling of the fire, although not anticipated by any one, and clearly not intended by the in-cendiary.

When a person is charged with having directly set fire to the dwellinghouse of another, it is enough to charge that he did set fire to the house itself, and that it was thereby burned, feloniously, wilfully and maliciously. The intent to burn is necessarily indicated and included in the charge so made. But if he did not set fire directly to the house itself, but did cause its destruction, by setting fire to it by means of kindling another fire, then the intent to do more than burn the first building must be set out, for the reasons before stated.

An examination of previous statutes on this subject con-firms this view.

The Act of 1821, c. 4, § 1, enacted that, "if any person shall wilfully and maliciously set fire to the dwellinghouse

State *v.* Hill.

of another, or to any out-building adjoining to such dwellinghouse, or to any other building, and, by the kindling of such fire or by the burning of such other building, such dwellinghouse shall be burnt in the night time," the offender shall suffer death.

It will be observed that the distinction, before alluded to, is clearly made between a fire set directly and one which indirectly causes the destruction. But it was seen that the penalty of death was imposed, if a dwellinghouse was burned in the night time, by reason of a fire set to any other building. The intent was not alluded to. Therefore, in 1829, (c. 430,) this section was repealed and a new one substituted, in the same words, except that after the words, (as above set out,) " or to any other building," these words were inserted, " with the intent that such dwellinghouse shall be burned." Here, for the first time, we find those words, and they plainly show that the intent named had reference to the firing of the out-building alone.

The Act of 1841, R. S., c. 155, § 1, inserted another clause, which made it equally an offence to set fire to one's own building as to that of another, if the intent was thereby to burn another's dwellinghouse.

This law of 1829, with this addition, was incorporated into the R. S. of 1841. The whole section was condensed in the section of R. S., 1857, under which this indictment was drawn, with no apparent intent to change the former law in any particular. The subsequent sections of this chapter also show that the construction of the first section contended for by the prisoner's counsel is not correct. Those sections relate to the burning of other buildings, which are set fire to directly, and burned. The words there used, to describe the offence, are "wilfully and maliciously." The words "with intent to burn such building" are not inserted in those sections. There is no apparent reason why they should not have been inserted, if, in the first section, these words were intended to apply to a case where a dwellinghouse was itself set fire to. The "intent" named must be

limited to the case of setting fire to another building for the purpose and with the intent that, by such kindling, a particular dwellinghouse should be burnt and it is burnt.

It is to our minds perfectly clear, on a full and careful examination and consideration, which, in view of the importance of the case, we have felt it our duty to make, that the objections made to the sufficiency of the indictment cannot be sustained.          *Exceptions overruled.*

*Indictment good.*

*Judgment for the State.*

WALTON,. DICKERSON, BARROWS, DANFORTH and TAP-.LEY, JJ., concurred.